

FILED
SUPERIOR COURT
OF GUAM

2019 JUN 28 AM 9: 23

CLERK OF COURT



BY:

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SHERRI M. PEREZ,<br><br>                                Plaintiff,<br><br>        vs.<br><br>JOSE SANTOS WHITE, JR.,<br><br>                                Defendant. | Case No. DM0010-17<br><br>**DECISION AND ORDER** |

## INTRODUCTION

Plaintiff has moved to modify the physical custody schedule of the parties' son. This matter is before the Honorable Michael J. Bordallo. Plaintiff Sherri M. Perez ("Plaintiff") is represented by Cynthia V. Ecube, Esq. of the Law Office of Cynthia V. Ecube, Esq. Defendant Jose Santos White, Jr. ("Defendant") enters his appearance pro se, having discharged his previous attorney on Jan. 15, 2019 and substituted himself in place of that attorney. Having considered the arguments and the applicable law, the Court hereby **GRANTS** Plaintiff's Motion to Modify Custody

## BACKGROUND

This matter arises out of Plaintiff's Motion to Modify Custody ("Motion") filed May 14, 2019. In accordance with the Local Rules of the Superior Court of Guam, Plaintiff properly

served on Defendant all required paperwork, including a Notice of Motion and Motion using CVR 7.1 Form 1, a memorandum in support of the Motion containing the points and authorities upon which Plaintiff relied, including citations, and Plaintiff's declaration in support of the Motion. Under the Local Rules, Defendant had 28 days to file an opposition to the Motion, but he failed to do so and has not yet filed an opposition. The matter is now before the Court.

### FACTS

1. The parties are not now married to each other, nor have they ever been.

2. As a result of the parties' physical relationship, Plaintiff gave birth to a boy, now nine years old, named A.K.P.W. (DOB 07/14/2009)("Minor").

3. It is not clear from the record whether the parties once lived together, but regardless, they have been living separately since at least Jan. 5, 2017, the time Plaintiff filed her Complaint for Custody, Visitation, and Child Support.

4. On July 30, 2018, the Court approved a Stipulated Judgment for Custody, Visitation, and Child Support ("Stipulated Judgment") regarding Minor. In it, the Court ordered joint legal custody and shared physical custody of Minor. Plaintiff received physical custody from Sunday evenings until Thursday evenings. Defendant received physical custody from Thursday evenings until Sunday evenings. The parties would generally share physical custody on holidays, birthdays, and summer vacations.

5. From July 2018 until November 2018 the parties followed the visitation schedule, although Plaintiff reports that Minor experienced "transition difficulties" when he had physical visitation with Defendant. Mot. for Modification of Custody 4.

6. Plaintiff also reports that during that period from July to November 2018, Defendant "failed to build up and develop his relationship nor interact with [Minor] despite the

increase in physical custody as a result of the Stipulated Judgment." Decl. of P. in Support of Modification of Custody 2. In addition, Plaintiff states that Minor reported that Defendant did not feed Minor regularly or "enforce good hygiene." Id.

7. Plaintiff states that on Nov. 4, 2018, a Sunday, Defendant dropped Minor off at church and never returned to pick him up. Plaintiff reports that since that day, Defendant has not had physical custody of Minor, including that Defendant made no efforts to see Minor during Thanksgiving, Christmas, or New Year's Eve holidays, despite the fact that Plaintiff claims to have texted Defendant to follow up on holiday visitation.

8. Due to Minor's transition difficulties and other issues with Defendant, Plaintiff began taking Minor to a counseling therapist, a Dr. Lilli Perez, starting in approximately Jan. 2018.

9. On Apr. 4, 2019, after five months of no contact by Defendant, Plaintiff reports that Defendant's spouse contacted Plaintiff to request visitation of Minor that same day after school. Plaintiff states that when she told Minor about this request for visitation, Minor had "a severe negative reaction" and "began plucking his eyebrows and told [Plaintiff] he did not want to go." Id.

10. Four days after this incident, on Apr. 8, 2019, the therapist, Dr. Perez, provided a counseling report in which she recommended a modification of the custodial visitation in order to address the difficulties that Minor experienced with Defendant.

11. Plaintiff now requests to modify custody based on Defendant's failure to comply with the physical custody schedule ordered in the Stipulated Judgment as well as Dr. Perez's report.

12. Plaintiff has requested that she have physical custody of Minor at all times, except for half day visitations by Defendant, to occur on Saturdays or Sundays.

13. The matter is now before the Court.

## ISSUE

1. Whether to modify Minor's physical custody schedule.

## PRINCIPLES OF LAW

The Court's decisions regarding child custody are governed by Section 8404 of Title 19 of the Guam Code Annotated. 19 G.C.A. § 8404. It is well settled that the Court must establish the custody arrangement based on the best interests of the child. Id. at (a)(1). When determining what is within the child's best interests, the Court may consider a multitude of factors, including what is best for that child's moral, physical, mental, and spiritual well-being. Id. at (a)(5); see also Howerton v. Howerton, 2004 Guam 8, ¶ 25 (providing additional factors to weigh in a custody decision, like the child's age, habits, schooling, and extra-curricular activities, and the parents' jobs and fitness). In addition to the best interests of the child, the Court must also consider the legislative preference for joint custody and the legislative policy that children should spend "as much time with each of their parents as possible when the parents are not living together." 19 G.C.A. § 8404 at (a)(8). The Supreme Court of Guam has stated, "Title 19 of the Guam Code Annotated, read as a whole, reflects the legislature's underlying policy that whenever possible, the sanctity of family life should be preserved by the inclusion of both parents in the lives of their children." Flores v. Cruz, 1998 Guam 30, ¶ 11. The Supreme Court of Guam has also held that children are required to spend substantial time, but not necessarily equal time, with each parent in a joint physical custody arrangement. Lanser v. Lanser 2003 Guam 14, ¶13. However, "The holding of Lanser that equal time is not *required* under a joint custody plan does not affect the clear legislative policy that equal time is preferred," and equal time "should be granted to the greatest extent possible." Howerton, at ¶ 19 (emphasis in original). In order to deviate, the standard is clear: "A trial court may deviate from an equal time

arrangement if it is within the child's best interests." Id. at ¶ 20. With regard to changing a custody order that is already in place, the Supreme Court of Guam has established that "there must generally be a persuasive showing of changed circumstances affecting the child." Lanser at ¶ 9 n.2.

## ANALYSIS

Based on Plaintiff's testimony about the changed circumstances affecting Minor, the Court will award the change of custody Plaintiff has sought. Defendant has failed to respond in this matter, and the Court will accept Plaintiff's claim that Defendant no longer fulfills his Thursday-to-Sunday physical custody obligation with Minor. Equal or near equal time is the preference in custody matters, and the original Stipulated Judgment provided near equal time with each parent. However, after Nov. 2018, Defendant has apparently failed to accept his physical custody responsibilities. If this pattern were to continue with no change to the current physical custody schedule, Defendant could appear at Plaintiff's residence on a Thursday some years from now and demand physical custody of Minor for the weekend, per the Stipulated Judgment, even though he would be practically a stranger to Minor at that point. In addition, if the schedule were not changed, Minor would not know from week to week whether he would be joining Defendant from Thursday to Sunday, creating confusion and depriving Minor of a predictable and settled pattern of life during his growing up years. Such scenarios would not be in the best interests of Minor.

The Court finds that a change to the schedule now is in the best interests of Minor, with the understanding that a modification in custody is always subject to change if there is a persuasive showing of changed circumstances affecting the child. Therefore, the Court will order the physical custody schedule to change according to Plaintiff's request: Plaintiff will retain physical custody of Minor at all times, except that Defendant may have a half-day

visitation with Minor on either Saturday or Sunday of a given week. Unless the parties otherwise agree, the Court also will order that for each visitation, Defendant must alert Plaintiff at least one week early of his intent to take the half-day visitation. As part of that communication, Defendant must inform Plaintiff of which day, Saturday or Sunday, and exactly which hours he intends to have physical custody that will constitute the "half day."

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** Plaintiff's Motion to Modify Custody and orders the new physical custody schedule as follows:

1. Plaintiff will retain physical custody of Minor at all times, except that Defendant may have a half-day visitation with Minor on either Saturday or Sunday of a given week, subject to the conditions below.

2. Unless the parties otherwise agree, Defendant must alert Plaintiff at least one week in advance that he intends to take the half-day visitation. As part of that advance communication, Defendant must inform Plaintiff which day, Saturday or Sunday, and exactly which hours he intends to take physical custody of Minor such that it will constitute a "half day."

SO ORDERED, this _28_ day of _____ 2019.

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereof was placed in the court box on:

Date: 6/26/19 Time: 9:30a

Deputy Clerk, Superior Court of Guam

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam